Peck, J.
delivered the opinion of the court.
This was an action of debt brought to recover one hundred and twenty-five dollars. The plaintiff declares that Bynum, being a constable, levied an execution at the suit of Wingfield, to the use of Walker, for the sum of eighty-seven dollars, and costs of suit, issued by by a justice of .the peace, on the property of plaintiff, and sold the same to satisfy said execution. That plaintiff did then and there apply to said defendant, and demand of him to make out a bill of his fees, and therein set down and specify the items, and give a receipt for the same to the plaintiff, which the defendant refused to do, contrary to the statute in such case made and provided; by reason whereof, an action hath accrued to plaintiff to sue for and recover said sum of one hundred and twenty-five dollars, of and from the defendant.
There are several counts, but they do not materially vary the case as above set forth.
To the declaration there is a general demurrer. On the argument, the demurrer was sustained in both the county and circuit court. The plaintiff below is the plaintiff in this court upon the writ of error.
The act of 1777, ch. 8, sec. 7, is relied upon to sustain the action. The title of the act is, “an act for appointing sheriffs and directing their duty in office. ” The 7th sec. provides, that each and every sheriff, on levying any execution for any debt, damages or costs, shall make out, if required, a bill of his fees due on such action or suit, and set down under said bill a true copy of the clerk’s, attorney’s and other endorsed fees, separately and distinctly, and give a receipt of the same, to the party against whom such execution shall issue, and also shall endorse the amount of his own fees, which he shall so take on *303 said execution. And if any sheriff, or other officer em- , , J. , . powered to levy any execution, shall fail so to do, such sheriff or olher*officer shall forfeit and pay fifty pounds to any person who will sue for the same.
The 14th section of the same act provides for the appointment of coroners. To understand the act we must consider it in connexion with the act of 1784, ch7, sec. 8, which section is re-enacted by the act of 1796, ch. 7, sec. 9. These acts provide, that clerks, in making out executions, shall endorse a bill of fees in words written at length; and that executions issued and not so endorsed shall be void. The object of the several enactments, is, to prevent imposition by extortion in the officers of the courts.
But the provision in the act of 1777, does not include constables. The terms used “other officers,” are indefinite. To be enabled to reach the penalty given by the act, the person should be so distinctly marked that he may be known without intendment. The profession need scarcely be told that a plaintiff, to entitle himself to the penalty, must bring his case within the words of the statute. The defendant cannot be taken as within the provisions of an act which relates to process issuing from the courts of record.
Judgment affirmed.